IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRANDON J. ROBERTSON<br>(TDCJ No. 1946803), | § <br> § <br> § | |
| Petitioner, | § <br> § | |
| V. | § <br> § | No. 3:16-cv-2686-D-BN |
| LORIE DAVIS, Director<br>Texas Department of Criminal Justice<br>Correctional Institutions Division, | § <br> § <br> § <br> § <br> § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Brandon J. Robertson, a Texas inmate, proceeding *pro se*, has filed an

application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* Dkt. No. 3;

*see also* Dkt. No. 4 (memorandum in support). This action has been referred to the

undersigned United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a

standing order of reference from United States District Judge Sidney A. Fitzwater. The

undersigned issues the following findings of fact, conclusions of law, and

recommendation that the Court should dismiss the habeas application with prejudice

as time-barred pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

**Applicable Background**

Robertson currently is incarcerated under a 2014 conviction for aggravated

assault with a deadly weapon in Dallas County, Texas. *See State v. Robertson*, F13-

62028-T (283rd Jud. Dist. Ct., Dallas Cnty., Tex.). As he did not file a direct appeal,

this conviction and sentence, imposed on August 4, 2014, became final for federal habeas limitations purposes 30 days later. *See* TEX. R. APP. P. 26.2(a)(1).

Robertson did not seek state post-conviction relief within one year from that date. Instead, he waited until March 2016 to file a state habeas application. *See Ex parte Robertson*, W13-62028-T(A) (283rd Jud. Dist. Ct., Dallas Cnty., Tex.). On August 10, 2016, the Texas Court of Criminal Appeals denied his state habeas application without a written order based on the findings of fact and conclusions of law of the trial court entered on May 20, 2016. *See Ex parte Robertson*, WR-85,268-01 (Tex. Crim. App. Aug. 10, 2016).

Upon initial review of Robertson's federal habeas application, the Court recognized that the petition is likely time-barred and issued a questionnaire [Dkt. No. 5] to provide Robertson fair notice of the limitations issue and to allow him to present his position as to that issue through a verified response to the questionnaire. The Court received Robertson's response on October 4, 2016. *See* Dkt. No. 6.

### Legal Standards

<u>Limitations</u>

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub. L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

    (A)    the date on which the judgment became final by the conclusion of

direct review or the expiration of the time for seeking such review;

(B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *See id.* § 2244(d)(2). The one-year limitations period is also subject to equitable tolling in "rare and exceptional circumstances." *See, e.g., United States v. Riggs,* 314 F.3d 796, 800 n.9 (5th Cir. 2002) (citing *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998).

"Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson,* 184 F.3d 398, 402 (5th Cir. 1999) (internal quotation marks and citation omitted). "[T]he principles of equitable tolling ... do not extend to what is at best a garden variety claim of excusable neglect." *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990). Unfamiliarity with the legal process does not justify equitable tolling. *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999).

*United States v. Kirkham*, 367 F. App'x 539, 541 (5th Cir. 2010) (per curiam).

But "a litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: '(1) that he has been pursuing his rights

diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 755 (2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). The United States Supreme Court recently reaffirmed "that the second prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control." *Id.* at 756 (emphasis in original).[1]

The Supreme Court also has determined that the AEDPA statute of limitations can be overcome by a showing of "actual innocence." *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). But the actual innocence gateway is only available to a petitioner who presents "'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *Id.* at 1936 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)). That is, the new, reliable evidence must be sufficient to persuade the Court that "'no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* at 1928 (quoting *Schlup*, 513 U.S. at 329); *see also Johnson v. Hargett*, 978 F.2d 855, 859-60 (5th Cir. 1992) ("The Supreme Court has made clear that the term 'actual innocence' means *factual*, as opposed to *legal*, innocence – 'legal' innocence, of course, would arise whenever a constitutional violation by itself requires

---

[1] *See also Farmer v. D&O Contractors*, 640 F. App'x 302, 307 (5th Cir. 2016) (per curiam) (holding that because "the FBI did not actually prevent Farmer or any other Plaintiff from filing suit" but instead "advised Farmer that filing suit would have been against the FBI's interest" and "that the RICO claims could be filed after the investigation concluded," "[a]ny obstacle to suit was ... the product of Farmer's mistaken reliance on the FBI, and a party's mistaken belief is not an extraordinary circumstance" (citing *Menominee Indian Tribe*, 136 S. Ct. at 756-57)).

reversal, whereas 'actual' innocence, as the Court stated in *McCleskey [v. Zant*, 499 U.S. 467 (1991)], means that the person did not commit the crime." (footnotes omitted; emphasis in original)).

Rule 4 Disposition

Under Rule 4 of the Rules Governing Section 2254 Cases, a district court may summarily dismiss a 28 U.S.C. § 2254 habeas application "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Id.*

> This rule differentiates habeas cases from other civil cases with respect to *sua sponte* consideration of affirmative defenses. The district court has the power under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. This power is rooted in "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer."

*Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting 28 U.S.C. foll. § 2254 Rule 4 Advisory Committee Notes). In *Kiser*, clearly applicable here, the Fifth Circuit held that, "even though the statute of limitations provision of the AEDPA is an affirmative defense rather than jurisdictional, the magistrate judge and district court did not err by raising the defense *sua sponte*." *Id.* at 329 (noting the district court's "decision to do so was consistent with Rule 4 and Rule 11 of the Rules Governing Section 2254 cases, as well as the precedent of this Court").

But, "'before acting on its own initiative' to dismiss an apparently untimely § 2254 petition as time barred, a district court 'must accord the parties fair notice and an opportunity to present their positions.'" *Wyatt v. Thaler*, 395 F. App'x 113, 114 (5th

Cir. 2010) (per curiam) (quoting *Day v. McDonough*, 547 U.S. 198, 210 (2006); alteration to original); *see also Ingram v. Director, TDCJ-CID*, No. 6:12cv489, 2012 WL 3986857, at *1 (E.D. Tex. Sept. 10, 2012) (a magistrate judge's report and recommendation also gives the parties "fair notice that the case may be dismissed as time-barred, which [gives a petitioner] the opportunity to file objections to show that the case should not be dismissed based on the statute of limitation" (collecting cases)).

## Analysis

Because Robertson failed to file a direct appeal, the conviction and sentence imposed on August 4, 2014 became final for limitations purposes 30 days later. *See* TEX. R. APP. P. 26.2(a)(1). Therefore, August 31, 2016, the date that Robertson declares he placed this federal habeas application in the prison mail system, *see* Dkt. No. 3 at 11, is almost one year after expiration of the applicable stature of limitations.

And because Robertson's state habeas application was filed after AEDPA's limitations period lapsed, it could not toll that limitations period. *See Richards v. Thaler*, 710 F.3d 573, 576 (5th Cir. 2013) ("Where the applicant files his or her state post-conviction petition after the time for filing a § 2254 application has lapsed, the state petition does not operate to toll the one-year limitations period." (citing *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000))).

The current Section 2254 application is therefore due to be denied as untimely absent equitable tolling.

In this regard, Robertson first claims that he is actually innocent and argues that the failure to consider his Section 2254 petition would amount to a miscarriage

of justice. *See* Dkt. No. 6 at 4. But, through the claims of ineffective assistance of counsel set out in his brief [Dkt. No. 4], Robertson fails to identify new, reliable evidence that would be sufficient to persuade this Court that "'no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *McQuiggin*, 133 S. Ct. at 1928 (quoting *Schlup*, 513 U.S. at 329). Therefore, Robertson cannot benefit from the narrow actual innocence exception to the statute of limitations.

Robertson also argues that the limitations period should be equitably tolled because his counsel hindered Robertson's efforts to obtain his client file. *See* Dkt. No. 6 at 5. In fact, it appears that Robertson never obtained his file. *See id.* ("I attempted many times to obtain my attorney-client file from trial counsel with no success. Not even a reply from counsel."); *see also id.* (speculating that his file would contain "police reports and all discovery documents [that] the State is required to turn over to the defense").

But not having the content of his file did not prevent him from filing a state habeas petition nor prevent him from filing this application. And Robertson fails to explain what documents in his file, had they been obtained, could have allowed him to assert sooner his claims that his trial counsel was constitutionally ineffective for his alleged failure to investigate, particularly given that the related concept of statutory tolling of the limitations period under Section 2244(d)(1)(D) runs from "the date a petitioner is on notice of the facts which would support a claim, *not the date on which the petitioner has in his possession evidence to support his claim*." *In re Young*, 789 F.3d 518, 528 (5th Cir. 2015) (emphasis added); *see also Polanco v. Stephens*, No.

7:15-CV-60, 2016 WL 2855876, at *4-*5 (S.D. Tex. Feb. 4, 2016) (holding that equitable tolling was not applicable where a petitioner also argued that he requested but never received "his Attorney/Client file," finding that there too the petitioner failed "to explain what information he needed from 'his Attorney/Client file' in order to timely file his habeas petition. All of Petitioner's claims are based on information that he personally knew and/or that was part of the public record."), *rec. adopted*, 2016 WL 2839308 (S.D. Tex. May 13, 2016).

Robertson therefore has not carried his "burden ... to show rare, exceptional, or extraordinary circumstances beyond his control that made it impossible for him to timely file" his Section 2254 habeas application. *Montes v. United States*, Nos. 3:13-cv-1936-K & 3:09-cr-286-K (4), 2014 WL 5286608, at *3 (N.D. Tex. Oct. 15, 2014) (citations omitted); *see also Menominee Indian Tribe*, 136 S. Ct. a 755-56; *Holland*, 560 U.S. at 649; *Farmer*, 2016 WL 672565, at *4.

## Recommendation and Direction to the Clerk of Court

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court should dismiss the application for a writ of habeas corpus with prejudice because it is time-barred. The Court also should direct that the Clerk of Court serve any order adopting this recommendation on the Texas Attorney General.

The Clerk of Court is DIRECTED to serve electronically a copy of this recommendation and the petition, along with any attachments thereto and brief in support thereof, on the Texas Attorney General as counsel for Respondent and will be directed to the attention of Edward L. Marshall, Chief, Criminal Appeals Division,

Texas Attorney General's Office. *See* RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS, RULE 4.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 17, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE